IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GUY, | No. C 11-3453 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS** |
| v. | |
| HARTFORD LIFE GROUP INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

Defendants have moved to transfer venue to the Southern District of Texas. The motion is scheduled for a hearing on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds that the matter is appropriate for disposition without oral argument, and therefore VACATES the hearing. For the reasons set forth below, the Court hereby GRANTS defendants' motion to transfer the case to the Southern District of Texas, subject to any stipulated mediation as set out in the last paragraph of this order.

**BACKGROUND**

On July 14, 2011, plaintiff Brian Guy filed this action alleging that defendants Hartford Life Group Insurance Company ("Hartford") and EMC Corporation Long Term Disability Plan violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.,* by denying plaintiff's application for long term disability ("LTD") benefits. Compl. ¶¶ 9-10. Hartford is the insurer of benefits under the EMC Corporation Long Term Disability Plan, and is the plan administrator and claims administrator. *Id.* ¶ 3.

Plaintiff resides in Montgomery, Texas and was employed by EMC Corporation in The Woodlands, Texas. *Id.* ¶ 2. The complaint alleges that plaintiff filed a claim with Hartford for LTD benefits, and on September 13, 2011 [sic - 2010], Hartford denied the claim on the ground that plaintiff no longer met the definition of disability beyond September 13, 2010. *Id.* ¶ 9.[1] Plaintiff submitted the claim for benefits while he was living in Texas, and Hartford denied the claim and terminated benefits while plaintiff was living in Texas. The parties agree that Hartford's principal place of business is in Connecticut, that the LTD plan is administered in Massachusetts, and that plaintiff's claim for LTD benefits was adjudicated in Florida and Kentucky. Plaintiff's counsel is located in Northridge, California, which is within the Central District of California.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). If the forum is found to be inconvenient under 28 U.S.C. § 1404(a), the remedy is transfer, not dismissal. *See Collins v. American Auto. Ins. Co.*, 230 F.2d 416, 418 (2d Cir.1956).

A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal.1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a)

---

[1] According to defendant's motion, plaintiff first applied for LTD benefits in 2008, and Hartford paid benefits for two years. Defendant states, and plaintiff does not dispute, that plaintiff was paid LTD benefits in Texas until those benefits were terminated.

2

and in relevant case law.

## DISCUSSION

Defendants move to transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) on the grounds that plaintiff does not reside in the Northern District of California and none of the facts giving rise to plaintiff's claims occurred in this district. Defendants argue that the Southern District of Texas would be a more convenient forum than California because plaintiff's residence, former employer and medical provider are all located in Texas.[2] Defendants also note that if plaintiff prevails, plaintiff will receive LTD benefits in Texas.

Plaintiff argues that this district is the more convenient forum due to the location of his counsel in California. Plaintiff states that he was unable to find a lawyer in Texas to represent him, and he asserts that it will be very difficult for him and his California counsel to litigate this case if it is transferred to Texas because his counsel is not admitted to practice in Texas. Plaintiff also asserts that no discovery or trial testimony will be required as this case will mostly be decided upon the administrative record. Plaintiff argues that given his choice of California counsel, "it made the most sense" to file this case in this district because Hartford does business here, plaintiff was originally hired by EMC's Santa Clara office, and EMC has a number of offices in this District.

As an initial matter, the Court finds that venue would be proper in either this district or the Southern District of Texas. ERISA provides that venue is proper in "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). There is no dispute that defendant may be found in both districts.

Once venue is determined to be proper in both districts, the Court evaluates the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with

---

[2] Defendant has submitted exhibits concerning a Texas Medical Board censure order involving plaintiff's doctor. Plaintiff has objected to the submission of these exhibits, and defendant has filed a response to plaintiff's evidentiary objections. The Court finds it unnecessary to rule on the admissibility of these exhibits because this Order does not rely on the exhibits at issue.

3

other claims; (7) any local interest in the controversy, and (8) the relative court congestion and the time of trial in each forum. *See Jones,* 211 F.3d at 498-99.

Balancing these factors, the Court finds that they favor transfer. Where a plaintiff does not reside in the forum and the operative facts occurred outside the forum, the Court may afford his choice considerably less weight. *See Lou v. Belzer*, 834 F.2d 730, 739 (9th Cir. 1987); Schwarzer et. al., *Federal Civil Procedure Before Trial* § 4:761 (2011). Plaintiff is currently a resident of Texas, and he was a resident of Texas for all periods of time relevant to this case. In addition, plaintiff filed for LTD benefits in Texas, Hartford paid his benefits for two years in Texas, and Hartford terminated benefits and communicated that termination to plaintiff in Texas. Plaintiff asserts that he has a connection to this district because EMC Corporation has offices in this district, plaintiff was originally hired by EMC's Santa Clara, California subsidiary, and because plaintiff did some training in California. However, none of those facts give rise to plaintiff's claims challenging the denial of his LTD benefits. In addition, as defendants note, EMC Corporation is not named as a defendant in this case.

Plaintiff relies on two cases for the proposition that ERISA plaintiffs are given wide discretion to choose the forum in which to file suit. However, *Varsic v. U.S. Dist. Court for Cent. Dist. of California,* 607 F.2d 245, 248 (9th Cir. 1979), simply held that an ERISA defendant is "found" in any district where personal jurisdiction can be properly asserted, and did not address the question of the weight to afford a non-resident plaintiff's choice of forum where none of the operative facts occurred in the selected forum. The other case cited by plaintiff, *Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F. Supp. 1253 (E.D. Va. 1988), is also distinguishable. There, the court denied the defendant's motion to transfer venue, noting that "a plaintiff's choice of his home forum for venue purposes is given greater weight than a plaintiff's choice of a foreign forum." *Id.* at 1256. Here, the Northern District is not plaintiff's home forum.

While the Court is sympathetic to plaintiff's desire to have this case remain in this district because his counsel is located in California, it is nevertheless undisputed that none of the events giving rise to plaintiff's ERISA claim occurred in California. Section 1404(a) refers to "parties" and not counsel. *See* 28 U.S.C. § 1404(a). The convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a). *See In re Horseshoe*

4

*Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of the transfer of venue."); *Solomon v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1974). As defendants note, plaintiff's counsel can apply to practice *pro hac vice* in the Southern District of Texas.

The Court further finds that the remaining factors favor transfer or are neutral. If the case is tried on the administrative record, there will be no witnesses. If plaintiff propounds discovery, that discovery will be responded to by defendants in Connecticut or Texas. Where federal law governs all claims raised, as here, "either forum is equally capable of hearing and deciding those questions." *Dealtime.com Ltd. v. McNulty*, 123 F. Supp. 2d 750, 757 (S.D.N.Y. 2000). The parties cite competing statistics about court congestion, with certain statistics favoring this District and others favoring the Southern District of Texas. Finally, Texas arguably has a greater interest in the controversy due to plaintiff's residence and alleged denial of benefits in that state.

## CONCLUSION

For the foregoing reason and good cause shown, the Court GRANTS defendant's motion to transfer venue to the United District Court for the Southern District of Texas. Docket No. 22.

The Court DENIES plaintiff's request that the parties be ordered to mediate this case prior to transfer, because the Court is concerned about unduly delaying transfer. However, if both parties so stipulate, the Court will STAY transfer until February 1, 2012, in order for the parties to complete a mediation process prior to transfer. **The parties shall notify the court no later than November 18, 2011, whether they stipulate to mediate prior to transfer.**.

**IT IS SO ORDERED.**

Dated: November 14, 2011

SUSAN ILLSTON
United States District Judge